# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

LEONARD DICKERSON
ADC # 88387                                                                                           PLAINTIFF

V.                                       5:07CV00132 WRW/HDY

KIM LUCKETT, Warden, Varner Super Max
Unit, Arkansas Department of Correction; GRANT HARRIS,
Warden, Varner Super Max Unit, Arkansas Department of Correction;
GIPSON, Captain, Varner Super Max Unit, Arkansas Department
of Correction ; and RAY HOBBS, Asst. Director,
Arkansas Department of Correction                                                          DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Court Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

Dockets.Justia.com

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, a prisoner at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff challenges his placement in administrative segregation, and by way of relief he seeks monetary damages. The Court has carefully reviewed the documents submitted by Plaintiff and concludes that he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed, without prejudice.

**I. Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**II. Background**

Plaintiff alleges that he was placed in administrative segregation on December 18, 2006. An "administrative segregation hearing" was held on December 27, 2006, and Plaintiff was apparently kept in administrative segregation for at least sixty days following that hearing. A "sixty-day review" was held on March 7, 2007, and again on May 2, 2007; Plaintiff apparently remains in administrative segregation at this time. Plaintiff does not mention what led to this placement, but

3

he does contend that the decision was the result of a "personal" vendetta by the Defendants. Plaintiff states that Defendant Luckett accused him of bribing guards and told him he was a "poor excuse for a father" to his son. The supporting documents provided by Plaintiff include grievance appeals which refer to an extensive history of past disciplinaries and a present charge of being out of his assigned area and a "threat to the security and good order of the institution."

## II. Analysis

Prisoners do not shed all constitutional rights at the prison gate, but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. *Sandin v. Conner*, 515 U.S. 472, 485 (1995) . If a restraint on a prisoner's liberty "does not present a dramatic departure from the basic conditions" of an inmate's sentence, the restraint will not implicate a protected liberty interest. *Id.* In short, "[a]n inmate who makes a due process challenge to his segregated confinement 'must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship." ' " *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir.2002)(*quoting Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir.2000)). The plaintiff has made no such allegation in this case; in fact, he seems to be more concerned with the allegedly "defamatory" content of the statements made to him at the hearings by Defendant Luckett. Based on the allegations in the Complaint, Plaintiff has spent approximately 150 days in administrative segregation and, apparently, lost his Class 1 status. The Eighth Circuit has suggested that such evidence, standing alone, is insufficient to establish an "atypical and significant hardship." *See Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir.1997) (citing cases); *Hemphill v. Delo*, No. 95-3357, 1997 WL 581079, at *2 (8th Cir.1997) ("Here, Hemphill has not alleged more than that he spent four days locked in his housing unit, thirty days in disciplinary

segregation, and approximately 290 days in administrative segregation. We conclude that, without alleging more, this period of time does not constitute an 'atypical and significant hardship' when compared to the burdens of ordinary prison life."); *Driscoll v. Youngman*, No. 95-4037, 1997 WL 581072, at *2 (8th Cir. 1997) ("[A] total of 135 days in disciplinary and administrative segregation did not alone constitute an 'atypical and significant hardship' when compared to the 'ordinary incidents of prison life.' " (citations omitted)).

### III.  Conclusion

Accordingly,

IT IS THEREFORE RECOMMENDED that:

1)  Plaintiff's Complaint (docket entry #2) be DISMISSED WITHOUT PREJUDICE for failure to state a cause of action.

2)  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order and accompanying Judgment adopting these recommendations would not be taken in good faith.

3)  Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

DATED this __7__ day of June, 2007.

*H Daniel Young*
_____
UNITED STATES MAGISTRATE JUDGE

---

[1]  Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." *Id.*